No. 25,656.

WILLIAM W. WEST, *Appellee,* v. H. G. MILLER and F. M. HOLDER, *Appellants.*

SYLLABUS BY THE COURT.

1. PLEADINGS—*No Reversible Error in Denying a Motion to Make an Indefinite Petition More Definite and Certain.* A judgment will not necessarily be reversed for failure to sustain a motion to make an indefinite petition more definite and certain where each of the parties understands all the matters in controversy between them, although they do not agree, and evidence is introduced by both sides on all phases of those matters.

2. SAME—*Defective Pleadings—Evidence—Proper Special Questions for Jury.* Where pleadings are defective and evidence is introduced on all matters in controversy, it is not error to submit to the jury special questions which respond to the issues made by the evidence.

3. SAME—*No Error in Instructions.* There was no error in the instructions given.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed February 7, 1925. Affirmed.

*George W. Littick,* of Kansas City, for the appellants.

*C. D. Sharp,* of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to recover a balance due on a contract under which the plaintiff alleged that he furnished material and performed labor in the construction of a building for the defendants. Judgment was rendered for the plaintiff, and the defendants appeal.

1. The most serious matter presented concerns an order of the court denying a motion of the defendants asking that the petition be made more definite and certain in a number of particulars. The petition alleged, among other things, that the defendants verbally contracted with the plaintiff to furnish material and labor to plaster the inside of a house and to stucco the outside of it; that the labor

and the material were furnished and the house was plastered and stuccoed by the plaintiff; that he received part of the pay for the labor and material; and that there remained due him under the contract the sum of $559.64. An itemized account of the material furnished and labor performed was attached to the petition. That account showed an item of ten per cent to be paid to the plaintiff on the cost of labor and material furnished by him. Other than as above shown, the petition did not allege the details of the contract between the plaintiff and the defendants.

The petition stated what the plaintiff was to do, but did not state what he was to receive, except as it was shown by the exhibit attached to the petition. The petition should have specifically stated the terms of the contract; but by the allegations of the petition and the items shown in the exhibit, the defendants were informed concerning everything that entered into the plaintiff's claim. The defendants were not misled by the petition. They were just as conversant with the facts as was the plaintiff. The answer to the petition was a general denial. In their answer the defendants could have set out the facts as they understood them. The parties to the action understood the matters at issue between them, but the court was not very well informed concerning those matters. Although the pleadings did not fully disclose the issues, the parties knew what they were and introduced evidence on all matters in dispute between them.

Section 60-3317 of the Revised Statutes in part reads:

"The appellate court shall disregard all mere technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining, where it appears upon the whole record that substantial justice has been done by the judgment or order of the trial court."

The defective character of the pleadings should not be permitted to cause a reversal of the judgment. In order to uphold the judgment, the pleadings might be considered as amended to conform to the issues made by the evidence. There was no prejudicial error in denying the motion to make the petition more definite and certain.

2. Complaint is made of the submission of certain questions to the jury. Those questions and the answers thereto were as follows:

"1. Who was the general contractor on the Miller house, West Height Manor, Kansas City, Kan.? A. F. M. Holder.

"2. Who employed the plaintiff to perform the labor and furnish the material on the Miller house aforesaid? A. H. G. Miller and F. M. Holder.

"3. What was the contract price to be paid West for the work to be done by him and the material furnished in the performance thereof on the Miller house? A. Labor, material and 10 per cent commission.

"4. Has plaintiff completed his contract on the Miller house? A. Yes."

The questions responded to the issues presented by the evidence, and there was no error in submitting them to the jury.

3. Complaint is made concerning certain instructions given to the jury. The instructions have been examined, and the court is unable to ascertain wherein there was any error in any of them.

A number of other matters are complained of. Each has been examined. No reversible error is shown.

The judgment is affirmed.